# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL LARS BREW, <br><br>    Plaintiff, <br><br>    v. <br><br>DANIEL FEHDERAU, *et al.*, <br><br>    Defendants. | Case No. 1:17-cv-00681-AWI-EPG (PC) <br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** <br><br>**THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT** |

Plaintiff Emmanuel Lars Brew is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges two separate sets of claims, the first of which is targeted at Defendant Daniel Fehderau, a deputy district attorney, and Defendant Santa Clara County, for actions related to Plaintiff's criminal conviction. The second set of claims is directed at Defendant California Department of Corrections and Rehabilitation ("CDCR") for actions related to Plaintiff's treatment while in custody at the California Substance Abuse Treatment Facility at Corcoran, California ("SATF"). Plaintiff's complaint is now before the Court for screening.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id., quoting Twombly*, 550 U.S. at 570. While factual allegations are accepted as true, legal conclusions are not. *Id.*

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

**II.    SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff names three defendants: (1) Daniel Fehderau; (2) County of Santa Clara; and, (3) CDCR. The allegations against Defendants Fehderau and Santa Clara County appear to be unrelated to those against Defendant CDCR.

Plaintiff was originally convicted in Santa Clara County Superior Court for "murdering a child and endangering and abducting others." *Brew v. Clyne*, Case No. C 15-4795 RS (PR), 2016 WL 269882, at *1 (N.D. Cal. Jan. 22, 2016). Plaintiff contends that Defendants Fehderau

and Santa Clara County withheld evidence from him that he intended to use for DNA testing. Plaintiff contends that "he is factually innocent of all charges and DNA evidence will support his assertion of innocence." At the same time, Plaintiff claims that he is not attempting to challenge his conviction or sentence.

Plaintiff initially applied for such testing in state court.[1] The state court appointed counsel, who informed Plaintiff (and the state court) that Plaintiff would be best served by filing a habeas petition. Plaintiff disagreed and filed a motion requesting DNA testing in state court. That motion was denied. Plaintiff then requested a writ of mandate from the California Court of Appeal and the California Supreme Court, both of which denied his requests. Plaintiff has now filed suit against Defendants Fehderau and Santa Clara County, asking for declaratory and injunctive relief compelling Fehderau and Santa Clara County to give him access to the DNA testing he requests.

Plaintiff asserts a different claim against Defendant CDCR. Plaintiff alleges that he was initially placed at the Sierra Conservation Center in Jamestown, California. In March 2017, Plaintiff was transferred to SATF. Plaintiff contends that the transfer was done in retaliation for unspecified acts. Plaintiff alleges that the transfer has had a number of adverse impacts on him because:

- It has impaired his ability to file a civil complaint;
- SATF has fewer programming opportunities for him;
- SATF provides fewer opportunities to visit the law library;
- SATF has an "infestation of transgenders and homosexuals with AIDS";
- SATF "promotes homosexuality" because its showers are in open bays that allow observation by "men who[ ] may be gay/transgender"; and,
- It has caused significant injury to his family because he has been moved further away from them.[2]

Plaintiff contends that he did not receive an opportunity for a hearing before the transfer, depriving him of his due process rights. He also claims, in an attached declaration, that

---

[1] Plaintiff appears to have done this after his conviction.

[2] Plaintiff attaches two identical declarations from his mother and sister, who both attest that the transfer will result in "irreparable harm to the Plaintiff and us his family." The declarations contend that Plaintiff believes the transfer was done in retaliation, but also assert that the action triggering the retaliation was an appeal that objected to the transfer.

3

his transfer was discriminatory and deprives him of the equal protection of laws.

## III. DISCUSSION

The Civil Rights Act, under which this action was filed, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989), *quoting Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

To state a claim under § 1983, a plaintiff must allege that: (1) the defendant acted under color of state law, and (2) the defendant deprived her of rights secured by the Constitution or federal law. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). A person deprives another of a constitutional right "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007), *quoting Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183, quoting *Johnson*, 588 F.2d at 743. This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation

4

alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between her and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under § 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

**A.     DNA Testing (Defendants Fehderau and Santa Clara County)**

Plaintiff alleges that he was denied access to DNA testing following his conviction and claims that the DNA testing would have exonerated him of any wrongdoing. As an initial matter, it is unclear from the Complaint what role Defendants Fehderau and Santa Clara County played in denying Plaintiff DNA testing because Plaintiff only alleges that Defendants "deprived him access to DNA evidence . . . as a result of their policies, procedures, practices, and decisions." Thus, it is unclear how Defendants personally participated in the deprivation of Plaintiff's constitutional rights and the Complaint fails to state a claim for that reason.

Additionally, Plaintiff notes that he has previously sought relief in Santa Clara County Superior Court, the California Court of Appeal for the Sixth District, and the California Supreme Court. Federal trial courts generally may not act as appellate courts over state proceedings:

> The *Rooker–Feldman* doctrine instructs that federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts. Congress, in 28 U.S.C. § 1257, vests the United States Supreme Court, not the lower federal courts, with appellate jurisdiction over state court judgments. *Lance v.*

*Dennis,* 546 U.S. 459, 463, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (per curiam). Accordingly, "[r]eview of such judgments may be had only in [the Supreme] Court." *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the "de facto equivalent" of such an appeal. *Noel v. Hall,* 341 F.3d 1148, 1155 (9th Cir. 2003).

To determine whether an action functions as a de facto appeal, we "pay close attention to the *relief* sought by the federal-court plaintiff." *Bianchi v. Rylaarsdam,* 334 F.3d 895, 900 (9th Cir. 2003) (internal quotation marks and citation omitted). "It is a forbidden de facto appeal under *Rooker–Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel,* 341 F.3d at 1163; *see also Skinner v. Switzer,* —— U.S. ——, 131 S.Ct. 1289, 1297, 179 L.Ed.2d 233 (2011) (emphasizing that the *Rooker–Feldman* doctrine is limited to cases "brought by state-court losers ... inviting district court review and rejection of the state court's judgments") (internal quotation marks, alteration, and citation omitted).

*Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012).

Plaintiff seeks the exact relief that was denied in state court—an injunction compelling some variety of DNA testing that he believes will establish his innocence. This relief is expressly tied to alleged errors that the state courts made in deciding Plaintiff's case. Thus, Plaintiff's claim is a de facto appeal from the judgment of the state court and is barred by the *Rooker-Feldman* doctrine. *Id.* at 781. If Plaintiff is alleging that Defendants engaged in malfeasance during the DNA testing motion process, his claim is also "inextricably intertwined" with the state court decision because it "can only be predicated upon a conviction that the state court was wrong." *Id.* at 782 (plaintiff's claim that district attorney conspired "to prevent him from obtaining DNA testing" is "inextricably intertwined with the state court decision," which "is precisely [the] sort of horizontal review of state court decisions that the *Rooker-Feldman* doctrine bars.") In either case, Plaintiff's claim is barred and must be dismissed.

**B.     Transfer to SATF (Defendant CDCR)**

**1. Violation of Fourteenth Amendment – Due Process**

Plaintiff alleges that he was not provided due process because he was not afforded a hearing before he was transferred to SATF. The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The procedural guarantees of

6

the Fifth and Fourteenth Amendments' Due Process Clauses apply only when a constitutionally protected liberty or property interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651, 672-73 (1977). The U.S. Supreme Court has specifically held that a transfer to a different prison does not implicate a liberty interest, and thus does not implicate the Due Process clause:

> Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose. That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules.

*Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (emphasis in original); *Quach v. Appleberry*, Case No. CIV 2:08-00664-HWG-SOM, 2009 WL 1759635, at *5 (E.D. Cal. June 22, 2009) ("A transfer alone does not constitute a substantial hardship; prisoners have no liberty interest in avoiding being transferred to another prison.").

Nor does the fact that Plaintiff was transferred to a different prison away from his family implicate any constitutional interest. *Anderson v. Deleon*, Case No. C 12-6055 SI PR, 2013 WL 892276, at *5 (N.D. Cal. Mar. 8, 2013) ("Loss of a prison job, assigning an inmate to a prison far from his family and friends, and the like, which result from interprison transfers, are not constitutionally protected interests."), *citing Olim v. Wakinekona*, 461 U.S. 238, 247 (1983); *Quach*, 2009 WL 1759635, at *5 ("Quach alleges the loss of visits from his family as a result of his transfer, claiming that he was relocated too far for his family to travel to see him. The court notes that 'there is no constitutional right to access to a particular visitor.'"), *quoting Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989). Plaintiff cannot state a due process claim merely because he was transferred to a less desirable prison without any hearing.

### 2. Violation of Fourteenth Amendment – Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432 (1985); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) ("The Equal Protection Clause requires the State to treat all similarly situated people equally."). An equal protection claim may be established by showing

7

that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702-3 (9th Cir. 2009), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601-02 (2008).

Plaintiff's Complaint does not explain how similarly situated individuals were treated differently than he is being treated, nor does he allege any facts that indicate intentional discrimination based on Plaintiff's membership in a protected class. Plaintiff has not alleged an equal protection claim under the Fourteenth Amendment.

### 3. Violation of First Amendment – Retaliation

Allegations of retaliation against a prisoner for exercising his First Amendment rights may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). A retaliation claim requires "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). "A retaliation claim is not plausible if there are 'more likely explanations' for the action." *Holmberg v. Dept. of Corrs. of Wash.*, Case No. 3:15-cv-05374-RJB-JRC, 2016 WL 7383871, at *5 (W.D. Wash. Nov. 22, 2016), *citing Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995).

Plaintiff alleges that Defendant CDCR took retaliatory action against him by transferring him to SATF. He does not, however, explain what protected conduct he engaged in that preceded the retaliation, nor does he allege facts demonstrating that the protected conduct was the cause of the transfer. Plaintiff also alleges that his transfer has impaired his ability to file complaints in court, but does not explain this allegation. Plaintiff has not alleged facts sufficient to state claim for retaliation.

\\\
\\\

## IV. CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any cognizable claim upon which relief may be granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 676. Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa Cnty.*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading. Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would

state a claim, within **30 days** from the date of service of this order;

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-00681-AWI-EPG-PC; and,

4. If Plaintiff fails to file an amended complaint within 30 days, the Court will dismiss Plaintiff's case for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **June 14, 2017**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE