# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL LARS BREW,<br><br>        Plaintiff,<br><br>    v.<br><br>DANIEL FEHDERAU, *et al.*,<br><br>        Defendants. | 1:17-cv-00681-AWI-EPG-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE ERICA P. GROSJEAN FROM PARTICIPATION IN THIS ACTION**<br><br>(ECF No. 9.) |

## I. INTRODUCTION

Emmanuel Lars Brew ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On July 5, 2017, Plaintiff filed a motion pursuant to 28 U.S.C. §§ 144, 455 to disqualify Magistrate Judge Erica P. Grosjean from participating in this case. (ECF No. 9.) For the reasons set forth below, Plaintiff's motion is DENIED.

## II. BACKGROUND

Plaintiff commenced this action by the filing of a Complaint on May 18, 2017. (ECF No. 1.) On that same day, the Court sent Plaintiff an Order Regarding Consent or Request for Reassignment. The Order provided:

> This case was randomly assigned to a Magistrate Judge. A Magistrate Judge may perform the duties assigned pursuant to 28 U.S.C § 636(c) and Eastern

1

> District Local Rule 302. However, a Magistrate Judge may not preside over the trial in this case or make dispositive rulings without all parties' written consent. 28 U.S.C. § 636(c). If the parties do consent, a Magistrate Judge may conduct all proceedings and enter judgment in the case subject to direct appellate review by the Ninth Circuit Court of Appeals. *If a party declines to consent, a Magistrate Judge shall continue to perform all duties as required by Eastern District Local Rule 302.*

(ECF No. 3-1) (emphasis added).

On June 1, 2017, Plaintiff filed with the court a request for random reassignment of this action to a United States District Judge. (ECF No. 6.) On June 2, 2017, this action was reassigned to United States District Judge Anthony W. Ishii and referred to United States Magistrate Judge Erica P. Grosjean. (ECF No. 7.)

On June 14, 2017, pursuant to 28 U.S.C. § 1915A, the Court screened Plaintiff's Complaint, and issued an order dismissing it for failure to state any cognizable claim upon which relief may be granted, but granting leave to amend the Complaint. (ECF No. 8.) On July 17, 2017, Plaintiff filed a First Amended Complaint. (ECF No. 10.)

Now before the Court is Plaintiff's motion, filed on July 5, 2017, to disqualify Magistrate Judge Erica P. Grosjean from participating in this case, pursuant to 28 U.S.C. §§ 144, 455. (ECF No. 9.) Plaintiff claims that Magistrate Judge Grosjean failed to abide by the decline of consent.

### III. DISCUSSION

#### A. <u>Legal Standard</u>

The procedural requirements for a motion to disqualify under 28 U.S.C. § 455 are different from those under 28 U.S.C. § 144. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," including under circumstances where "he has a personal bias or prejudice concerning a party." *See* 28 U.S.C. § 455(a), (b)(1). A motion under section 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned. *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting

2

in the case, and not by another judge." *Id.* (quoting *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985)). "[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." *Sibla*, 624 F.2d at 868. On the other hand, "in the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008).

28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

A motion under section 144 is initially addressed to the judge whose impartiality is being questioned. *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." *Sibla*, 624 F.2d at 867. "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case" and another judge is assigned to hear the proceeding. *Azhocar*, 581 F.2d at 738. An affidavit is sufficient where it "specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *Sibla*, 624 F.2d at 868.

Nevertheless, "[t]he test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1)." *Id.* at 867. In either case, the substantive standard is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir.

3

1997). The bias must arise from an extrajudicial source and cannot be based solely on information gained in the course of the proceedings. *Id.* (citing *Liteky v. United States*, 510 U.S. 540, 554-56 (1994). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. "In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.*

Pursuant to 28 U.S.C. § 636 (b)(1)(A), a district judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, . . . to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. In turn, Local Rule 302(c)(17) provides that the duties to be performed by magistrate judges include actions brought by a person in custody who is seeking any relief authorized by 42 U.S.C. § 1981 *et seq.*, which comprises actions pursuant to 42 U.S.C. § 1983. Plaintiff was alerted to the court's procedure in the Order Regarding Consent or Request for Reassignment, which stated, "If a party declines to consent, a Magistrate Judge shall continue to perform all duties as required by Eastern District Local Rule 302." (ECF No. 3-1.)

### B. Plaintiff Has Failed to Sufficiently Allege Bias or Prejudice Against Him

Plaintiff alleges that Magistrate Judge Grosjean must recuse herself because he believes she is biased and/or prejudiced towards him. In his affidavit, Plaintiff states that he declined magistrate judge jurisdiction and requested to be assigned to a district judge on May 27, 2017. On June 8, 2017, he received an order assigning the case to "Senior District Judge Anthony W. Ishii 'and' Magistrate Judge Grosjean." *Id.* Plaintiff argues that "Judge Grosjean's appointment of herself [and] refusal to accept [the] decline consent request; was unlawful, waste of judicial resources [and] may demonstrate a 'personal' bias or prejudice towards plaintiff/his interest, or favor towards defendants." *Id.* Plaintiff further argues, citing *Grutter v. Bollinger*, 16 F. Supp. 2d 797, 802 (E.D. Mich. 1998), "a two-judge panel . . . existence is positively inconsistent with

both 28 USC 136, local rules of the court [and] the American legal system's long-standing practice of assigning a case or motion, at the trial level to a 'single' judge." *Id.*

Plaintiff has failed to offer a sufficient affidavit specifically alleging facts to support the contention that Magistrate Judge Grosjean exhibits bias or prejudice towards him. Plaintiff's allegations of bias or prejudice stem from the Court's procedures and rulings. As explained above, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Thus, Plaintiff's affidavit fails to articulate legally sufficient allegations of personal bias or prejudice.

Plaintiff also argues that Magistrate Judge Grosjean should have recused herself because this action does not require two separate judges and a two-judge panel is inconsistent with applicable law. In support of this contention, Plaintiff cites a case from the Eastern District of Michigan. The cited case in not precedential in this district and, more importantly, is distinguishable from the present case. In *Grutter v. Bollinger*, a chief district judge disqualified herself from an action pursuant to 28 U.S.C. § 455. 16 F. Supp. 2d 797, 802 (E.D. Mich. 1998). In her Order of Disqualification and Transfer, the chief district judge reassigned the action to two district judges, who in a two-judge panel conducted a hearing and issued an opinion in the action. A third district judge struck the opinion of the two-judge panel, reasoning that the panel was "inconsistent with both 28 U.S.C. § 136(e), which requires the duties of a chief judge who is temporarily unable to act to be performed by 'the district judge' (not judges) next in precedence, and with [the] court's and the American legal system's long-standing practice of assigning a case or motion, at the trial level, to a single judge." *Id.*

In this case, however, no two-judge panel has been instituted. This action is assigned to one district court judge and referred to one magistrate judge for certain matters. As aforementioned, pursuant to 28 U.S.C. § 636 (b)(1)(A), a district judge may designate a magistrate judge to hear and determine pretrial matters pending before the court. As set forth in Local Rule 302, the district judges of this court have designated magistrate judges to hear and determine pretrial matters pending before the court in actions pursuant to 42 U.S.C. § 1983 brought by a person in custody. Thus, District Judge Anthony W. Ishii's referral of this 42

5

U.S.C. § 1983 action by a state prisoner complies with applicable law.

Accordingly, Plaintiff has failed to specifically allege in his affidavit facts that fairly support his contention that Magistrate Judge Grosjean exhibits bias or prejudice towards him, and has failed to provide a legitimate reason for Magistrate Judge Grosjean to disqualify herself.

Nevertheless, insofar as Plaintiff argues that Magistrate Judge Grosjean may not issue an order dismissing this action because he has declined consent, Plaintiff is correct. Magistrate Judge Grosjean may not dismiss and close Plaintiff's case without an order from the District Judge. *See* 28 U.S.C. § 636 (b)(1)(A). However, Magistrate Judge Grosjean's order did not dismiss and close Plaintiff's case because it gave Plaintiff leave to amend. Plaintiff has now amended that Complaint. (ECF No. 10.) To the extent that Magistrate Judge Grosjean believes that Plaintiff's First Amended Complaint also fails to state a claim, she may give Plaintiff further leave to amend or may recommend to the District Judge that Plaintiff's case be dismissed and closed. If Magistrate Judge Grosjean issues such a finding and recommendation to the District Judge, she will provide Plaintiff with an opportunity to submit objections to her order. In any event, Plaintiff will be given an opportunity to be heard by the District Judge before his case is dismissed.

Because Magistrate Judge Grosjean's order dismissing Plaintiff's Complaint with leave to amend was not clear on this point, this Court is providing Plaintiff with an opportunity to withdraw his First Amended Complaint and instead stand on his initial Complaint, subject to Magistrate Judge Grosjean issuing findings and recommendations to the District Court consistent with the June 14, 2017 order.

**IV.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to disqualify Magistrate Judge Erica P. Grosjean is DENIED.

Within thirty days of this order, Plaintiff may file a notice to this Court that he wishes to withdraw his First Amended Complaint, (ECF No. 10), and stand on his original Complaint, (ECF No. 1), in which case the Magistrate Judge will recommend that his case be dismissed

consistent with her order of June 14, 2017, (ECF No. 8), and will provide Plaintiff with an opportunity to object to that order.

If Plaintiff does not provide such a notice, the Magistrate Judge will screen Plaintiff's First Amended Complaint. In the event she determines that any of Plaintiff's claims are subject to dismissal, she will either provide Plaintiff with an opportunity to file an amended complaint or issue findings and recommendations to the District Judge recommending dismissal. In any event, Plaintiff will have an opportunity to be heard by the District Judge before any claim is finally dismissed.

IT IS SO ORDERED.

Dated: **October 11, 2017**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE